IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 17 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Estate of Marani Awanis Manook
Baghdad, Iraq

             Plaintiff,

v.

Unity Resources Group
First Gulf Bank Building
Dubai, United Arab Emirates

RTI International
3040 Cornwallis Road
Research Triangle Park, NC 12194

             Defendants.

Case No.

**JURY DEMAND**

Case: 1:08-cv-00096
Assigned To : Friedman, Paul L.
Assign. Date : 1/17/2008
Description: PI/Malpractice

JURY ACTION

## COMPLAINT

1. On October 9, 2007, heavily-armed Unity Resources Group mercenaries sent to Iraq by RTI International shot and killed for no reason two women, Marani Awanis Manook and Genevia Jalal Antranick. This senseless slaughter on October 9, 2007 was only the latest incident in a pattern of egregious misconduct, including killings and woundings by RTI's agent, Unity Resources. This action seeks compensatory and punitive damages for the family of Marani Awanis Manook.

## PARTIES

2. Plaintiff is the Estate of Marani Awanis Manook. Ms. Manook was a resident of Baghdad until she was shot to death by Defendants on October 9, 2007. She was the mother of three daughters, now left orphans.

1

3. Defendants were in Iraq pursuant to and under a contract with the United States Department of State.

4. Defendant Unity Resources Group does business in the Americas (including the United States), the Middle East, Australia, Asia Pacific and Africa. Unity Resources Group has established employee Mike Fiacco (email mfiacco@unity resource group.com) as the company point of contact in the United States and this District.

5. Unity Resources Group maintains a website in the United States and this District in order to obtain business. Unity Resources Group also directly and continuously solicits business from the United States government via a website service called "BuyUSA.gov."

6. Unity Resources Group maintains an office designated as "head office" in the First Gulf Bank Building in Dubai, United Arab Emirates.

7. Reasonable discovery will establish that Unity Resources Group routinely solicits business in the United States and this District. Reasonable discovery will establish that Unity Resources Group entered into a contract with Defendant RTI International in this District.

8. Defendant RTI International is an American not-for-profit entity that has offices at 3040 Cornwallis Road, Research Triangle Park, North Carolina and One Metro Center, 701 13th Street, N.W., Washington, D.C. 20005. Reasonable discovery will establish that RTI International was formed pursuant to North Carolina law.

9. Defendant Unity Resources Group works as an agent for RTI International in Iraq providing security services as needed.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1350 (Alien Tort Statute); and 28 U.S.C. § 1367 (supplemental jurisdiction).

11. Venue is proper pursuant to 28 U.S.C. § 1391(a)(3) and § 1391(b)(2).

## DEFENDANTS KILLED AND INJURED PLAINTIFF AND ANOTHER WOMAN ON OCTOBER 9, 2007

12. On or about October 9, 2007, Defendants killed Marani Awanis Manook and Genevia Jalal Antranick on Karrada Street in Baghdad, Iraq.

13. Ms. Manook was driving her car down Karrada street when Unity Resources Group personnel opened fire on her vehicle, from over 90 meters away, spraying the car with at least 40 bullets, 17 of which hit Ms. Manook. Both Ms. Manook and Ms. Antranick, the passenger in the front seat, were killed in the hail of gunfire.

14. Unity Resources Group began firing at Ms. Manook's vehicle without any provocation. Neither Ms. Manook nor any of her passengers posed any threat to the Unity Resources personnel.

15. The identities of the Unity Resources Group mercenaries who killed and injured civilians on or about October 9, 2007, are known to Defendants and able to be discovered in this litigation.

## DEFENDANTS PERMITTED EXCESSIVE AND UNNECESSARY USE OF DEADLY FORCE

16. Although both Defendants knew that Unity Resource Group mercenaries deployed in Iraq were continually operating in an unsafe and aggressive manner, neither Defendant exercised any oversight or control over the heavily-armed personnel.

- 3 -

17. Defendants permitted a pattern and practice of recklessness in the use of deadly force to flourish among its personnel in Iraq.

18. There were multiple past incidents that put both Defendants on notice that they needed to exercise oversight to prevent killings and injuries.

19. On or about June 24, 2007, Defendants' agents shot and wounded a civilian on Karrada Street. Yet Defendants failed to investigate, and failed to take the necessary remedial steps to prevent a reoccurrence of the unjustified violence.

20. In or around March 2006, Defendants' agents shot and killed a civilian at a security checkpoint. Yet Defendants failed to investigate, and failed to take the necessary remedial steps to prevent a reoccurrence of the unjustified violence

21. Reasonable discovery is likely to produce evidence of additional killings, additional injuries, and additional failures to investigate by Defendants.

22. Reasonable discovery is likely to produce evidence that Defendants significantly and consistently underreported excessive use of force by its agents. Reasonable discovery is likely to provide evidence that Defendants have not taken effective steps to discipline those mercenaries who acted with unnecessary violence.

## DEFENDANTS' ACTIONS HARM THE UNITED STATES

23. Defendants are in Iraq at the behest of the United States Department of State. Their actions are supposed to be assisting the United States' effort to rebuild local communities. Instead, their actions are creating serious and substantial difficulties for the United States' diplomatic relationship with Iraq.

24. Unity Resources and RTI International are harming the United States by their repeated and consistent failures to act in accord with the law of war, the laws of the United States, and international law.

25. Defendants have earned millions of dollars from the United States government during the years 2001 to 2006.

## DAMAGES

26. Defendants are jointly and severally liable for killing Marani Awanis Manook.

27. Defendants intentionally and knowingly agreed to and did work in concert with each other. To the extent that any particular act relevant to this action was perpetrated by one Defendant, the other Defendant confirmed and ratified the same.

28. Defendants are liable for the pain and suffering caused to Ms. Manook, as well as the pain and suffering caused to the family members.

29. Plaintiff seeks compensatory and punitive damages in an amount in excess of the jurisdictional amount set forth in 28 U.S.C. § 1332. Plaintiff also seeks any and all additional remedies (such as attorneys' fees) available under law and equity.

## COUNT ONE
## CLAIM UNDER THE ALIEN TORT STATUTE – WAR CRIMES

30. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

31. Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and constitute war crimes.

32. Defendants' acts took place during a period of armed conflict.

33. Defendants committed war crimes against Ms. Manook, causing injury to Plaintiff.

34. Defendants are liable for their conduct that constitutes war crimes.

35. Defendants' misconduct caused grave and foreseeable injuries to Plaintiff.

## COUNT TWO
## CLAIM UNDER THE ALIEN TORT STATUTE – CIVIL CONSPIRACY TO COMMIT WAR CRIMES

36. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

37. Defendants conspired with each other to commit war crimes.

38. Defendants' acts took place during a period of armed conflict.

39. Defendants' misconduct caused grave and foreseeable injuries to Plaintiff.

## COUNT THREE
## CLAIM UNDER THE ALIEN TORT STATUTE – AIDING AND ABETTING WAR CRIMES

40. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

41. Defendants' acts aided and abetted the commission of war crimes against Ms. Manook.

42. Defendants' acts took place during a period of armed conflict.

43. Defendants' misconduct caused grave and foreseeable injuries to Plaintiff.

## COUNT FOUR
## ASSAULT AND BATTERY

44. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

45. Defendants unlawfully intended to and did inflict immediate injury upon Ms. Manook.

46. Defendants intentionally assaulted, battered, and made other offensive contacts; and aided and abetted the assaulting, battering and offensively contacting, of Ms. Manook.

47. Ms. Manook did not consent to the offensive contacts. Ms. Manook feared for her personal safety and felt threatened by Defendants' actions.

48. Defendants committed the assaults and batteries.

49. Defendants' acts caused grave and foreseeable damages to Plaintiff.

## COUNT FIVE
## CIVIL CONSPIRACY TO ASSAULT AND BATTERY

50. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

51. Defendants unlawfully intended to and did conspire to commit an assault and battery upon Ms. Manook.

52. Defendants' acts caused grave and foreseeable damages to Plaintiff.

## COUNT SIX
## AIDING AND ABETTING AN ASSAULT AND BATTERY

53. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

54. Defendants unlawfully intended to and did aid and abet an assault and battery upon Ms. Manook.

55. Defendants' acts caused grave and foreseeable damages to Plaintiff.

## COUNT SEVEN
## WRONGFUL DEATH

56. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

57. Defendants' wrongful acts and omissions caused the death of Marani Awanis Manook.

58. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful deaths.

59. The death of Marani Awanis Manook was the foreseeable result of Defendants' wrongful acts and omissions.

## COUNT EIGHT
## CIVIL CONSPIRACY TO CAUSE WRONGFUL DEATH

60. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

61. Defendants' wrongful acts and omissions caused the death of Marani Awanis Manook.

62. Defendants conspired with each other to set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful deaths.

63. The death of Marani Awanis Manook was a foreseeable result of Defendants' wrongful acts and omissions.

## COUNT NINE
## AIDING AND ABETTING WRONGFUL DEATH

64. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

65. Defendants' wrongful acts and omissions caused the death of Marani Awanis Manook.

66. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful deaths.

67. The death of Marani Awanis Manook was a foreseeable result of Defendants' wrongful acts and omissions.

## COUNT TEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

69. Defendants intentionally inflicted severe emotional distress by way of extreme and outrageous conduct on Plaintiff.

70. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to inflict emotional distress on Plaintiff.

71. Defendants' acts caused grave and foreseeable injuries to Plaintiff.

## COUNT ELEVEN
### CIVIL CONSPIRACY TO INFLICT EMOTIONAL DISTRESS

72. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

73. Defendants conspired with each other to intentionally inflict severe emotional distress by way of extreme and outrageous conduct on Plaintiff.

74. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to inflict emotional distress on Plaintiff.

75. Defendants' acts caused grave and foreseeable injuries to Plaintiff.

## COUNT TWELVE
### AIDING AND ABETTING THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

77. Defendants aided and abetted the intentional infliction of emotional distress.

78. Defendants' acts caused grave and foreseeable injuries to Plaintiff.

## COUNT THIRTEEN
### NEGLIGENCE

79. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

80. Defendants breached a duty to Plaintiff and others present at the scene of the killings and infliction of bodily injury.

81. Defendants' negligence directly and foreseeably harmed Plaintiff.

## COUNT FOURTEEN
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

83. Defendants negligently inflicted severe emotional distress on Plaintiff.

84. Defendants' negligence directly and foreseeably harmed Plaintiffs.

## COUNT FIFTEEN
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

85. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

86. Defendants acted negligently and directly harmed Plaintiff by:

  (a) failing to take the appropriate steps in hiring proper personnel to perform services;

  (b) failing to properly screen personnel before their hiring;

  (c) failing to train and supervise personnel properly;

  (d) failing to investigate allegations of wrongdoing;

  (e) failing to reprimand for wrongful actions; and

  (f) negligently permitting repeated lawlessness by employees.

87. Defendants' negligence directly and foreseeably harmed Plaintiff.

## COUNT SIXTEEN
## CIVIL CONSPIRACY

88. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

89. Defendants took overt acts (set forth above in detail) pursuant to and in furtherance of the common scheme.

90. Defendants are liable for all of the unlawful acts performed by members of the conspiracy (war crimes, assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, wrongful death and negligent hiring, training and supervision) because they set the condition, directly or indirectly facilitated, ordered, acquiesced, confirmed, ratified and or conspired with others to commits the unlawful acts.

91. Defendants knowing participation in the conspiracy to perform unlawful acts caused grave and foreseeable damages to Plaintiff.

**PRAYER FOR DAMAGES**

92. Plaintiff is the authorized representative and entitled to any and all remedies available to them as a result of the conduct alleged herein, including, but not limited to:

(a) compensatory damages for death, physical, mental and economic injuries;

(b) punitive damages in an amount sufficient to strip Defendants of all of the revenue and profits earned from their pattern of constant misconduct and callous disregard for human life; and

(c) any attorneys' fees and costs permitted by law.

Date: January 17, 2008

Susan L. Burke (D.C. Bar # 414939)
William T. O'Neil (D.C. Bar # 426107)
Elizabeth M. Burke
Katherine R. Hawkins
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:    (215) 971-5058
Facsimile:    (215) 482-0874

Michael Ratner
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:    (212) 614-6439
Facsimile:    (212) 614-6499

Shereef Hadi Akeel
AKEEL & VALENTINE, P.L.C.
Suite 910
888 West Big Beaver Road
Troy, Michigan 48084-4736
Telephone (248) 269-9595
Fax (248) 269-9119

*Counsel for Plaintiff*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Estate of Marani Awanis Manook

99999

## DEFENDANTS
Unity Resources Group, RTI International

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  99999
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Burke O'Neil LLC
1718 20th Street, N.W.
Washington, D.C. 20009

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00096
Assigned To : Friedman, Paul L.
Assign. Date : 1/17/2008
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ◉ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

- ○ **A.** *Antitrust*
  - ☐ 410 Antitrust

- ⊗ **B.** *Personal Injury/ Malpractice*
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☒ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ **C.** *Administrative Agency Review*
  - ☐ 151 Medicare Act
  - Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)
  - Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D.** *Temporary Restraining Order/Preliminary Injunction*

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

- ○ **E.** *General Civil (Other)* OR ○ **F.** *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Alien Tort Statute, Assault, Wrongful Death -- Civil action for damages caused by killings in Iraq   28 USC 1350

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  January 17, 2008   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.