# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of Marani Awanis Manook<br>Hay Al-Ghadeer 706/18/60<br>Baghdad, Iraq<br><br>                   Plaintiffs,<br><br>v.<br><br>Unity Resources Group<br>First Gulf Bank Building<br>Dubai, United Arab Emirates<br><br>RTI International<br>3040 Cornwallis Road<br>Research Triangle Park, NC 12194<br><br>                   Defendants. | Case No. 08-0096<br><br>**JURY DEMAND** |

## FIRST AMENDED COMPLAINT

1. On October 9, 2007, heavily-armed Unity Resources Group mercenaries sent to Iraq by RTI International shot and killed for no reason two women, Marani Awanis Manook and Genevia Jalal Antranick. This senseless slaughter on October 9, 2007 was only the latest incident in a pattern of egregious misconduct, including killings and woundings by RTI's agent, Unity Resources. This action seeks compensatory and punitive damages for the estate and family of Marani Awanis Manook.

## PARTIES

2. Plaintiff is the Estate of Marani Awanis Manook. Ms. Manook was a resident of Baghdad until she was shot to death by Defendants on October 9, 2007. She was the mother of three daughters, now left orphans.

- 2 -

3.     Defendants were in Iraq pursuant to and under a contract with the United States Department of State.

4.     Defendant Unity Resources Group does business in the Americas (including the United States), the Middle East, Australia, Asia Pacific and Africa.  Unity Resources Group has established employee Mike Fiacco (email mfiacco@unity resource group.com) as the company point of contact in the United States and this District.

5.     Unity Resources Group maintains a website in the United States and this District in order to obtain business.  Unity Resources Group also directly and continuously solicits business from the United States government via a website service called "BuyUSA.gov."

6.     Unity Resources Group maintains an office designated as "head office" in the First Gulf Bank Building in Dubai, United Arab Emirates.

7.     Reasonable discovery will establish that Unity Resources Group routinely solicits business in the United States and this District.  Reasonable discovery will establish that Unity Resources Group entered into a contract with Defendant RTI International in this District.

8.     Defendant RTI International is an American not-for-profit entity that has offices at 3040 Cornwallis Road, Research Triangle Park, North Carolina and One Metro Center, 701 13th Street, N.W., Washington, D.C. 20005.  Reasonable discovery will establish that RTI International was formed pursuant to North Carolina law.

9.     Defendant Unity Resources Group works as an agent for RTI International in Iraq providing security services as needed.  RTI International directly oversaw and supervised the work performed by Unity Resources Group in Iraq.  Among other things, RTI International drafted the policies and procedures that controlled Unity Resources Group's actions.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1350 (Alien Tort Statute); and 28 U.S.C. § 1367 (supplemental jurisdiction).

11. Venue is proper pursuant to 28 U.S.C. § 1391(a)(3) and § 1391(b)(2) and (b)(1).

## DEFENDANTS KILLED AND INJURED PLAINTIFF AND ANOTHER WOMAN ON OCTOBER 9, 2007

12. On or about October 9, 2007, Defendants killed Marani Awanis Manook and Genevia Jalal Antranick on Karrada Street in Baghdad, Iraq.

13. Ms. Manook was driving her car down Karrada Street when Unity Resources Group personnel opened fire on her vehicle, from over 90 meters away, spraying the car with at least 40 bullets, 17 of which hit Ms. Manook. Both Ms. Manook and Ms. Antranick, the passenger in the front seat, were killed in the hail of gunfire.

14. Unity Resources Group began firing at Ms. Manook's vehicle without any provocation. Neither Ms. Manook nor any of her passengers posed any threat to the Unity Resources personnel.

15. The identities of the Unity Resources Group mercenaries who killed and injured civilians on or about October 9, 2007, are known to Defendants and able to be discovered in this litigation.

## DEFENDANTS PERMITTED EXCESSIVE AND UNNECESSARY USE OF DEADLY FORCE

16. Although both Defendants knew that Unity Resource Group mercenaries deployed in Iraq were continually operating in an unsafe and aggressive manner, neither Defendant exercised any oversight or control over the heavily-armed personnel.

17. Defendants permitted a pattern and practice of recklessness in the use of deadly force to flourish among its personnel in Iraq.

18. There were multiple past incidents that put both Defendants on notice that they needed to exercise oversight to prevent killings and injuries.

19. On or about June 24, 2007, Defendants' agents shot and wounded a civilian on Karrada Street. Yet Defendants failed to investigate, and failed to take the necessary remedial steps to prevent a reoccurrence of the unjustified violence.

20. In or around March 2006, Defendants' agents shot and killed a civilian at a security checkpoint. Yet Defendants failed to investigate, and failed to take the necessary remedial steps to prevent a reoccurrence of the unjustified violence

21. Reasonable discovery is likely to produce evidence of additional killings, additional injuries, and additional failures to investigate by Defendants.

22. Reasonable discovery is likely to produce evidence that Defendants significantly and consistently underreported excessive use of force by its agents. Reasonable discovery is likely to provide evidence that Defendants have not taken effective steps to discipline those mercenaries who acted with unnecessary violence.

### DEFENDANTS' ACTIONS HARM THE UNITED STATES

23. Defendants are in Iraq at the behest of the United States Department of State. Their actions are supposed to be assisting the United States' effort to rebuild local communities. Instead, their actions are creating serious and substantial difficulties for the United States' diplomatic relationship with Iraq.

24. Unity Resources and RTI International are harming the United States by their repeated and consistent failures to act in accord with the law of war, the laws of the United States, and international law.

25. Defendants have earned millions of dollars from the United States government during the years 2001 to 2006.

## DAMAGES

26. Defendants are jointly and severally liable for killing Marani Awanis Manook.

27. Defendants intentionally and knowingly agreed to and did work in concert with each other. To the extent that any particular act relevant to this action was perpetrated by one Defendant, the other Defendant confirmed and ratified the same.

28. Defendants are liable for the pain and suffering caused to Ms. Manook, as well as the pain and suffering caused to the family members.

29. Plaintiff seeks compensatory and punitive damages in an amount in excess of the jurisdictional amount set forth in 28 U.S.C. §1332. Plaintiff also seeks any and all additional remedies (such as attorneys' fees) available under law and equity.

## COUNT ONE
## CLAIM UNDER THE ALIEN TORT STATUTE – WAR CRIMES

30. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

31. Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and constitute war crimes.

32. Defendants' acts took place during a period of armed conflict.

33. Defendants committed war crimes against Ms. Manook, causing injury to Plaintiff.

34.  Defendants are liable for their conduct that constitutes war crimes.

35.  Defendants' misconduct caused grave and foreseeable injuries to Plaintiff.

## COUNT TWO
## CLAIM UNDER THE ALIEN TORT STATUTE – CIVIL CONSPIRACY TO COMMIT WAR CRIMES

36.  All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

37.  Defendants conspired with each other to commit war crimes.

38.  Defendants' acts took place during a period of armed conflict.

39.  Defendants' misconduct caused grave and foreseeable injuries to Plaintiff.

## COUNT THREE
## CLAIM UNDER THE ALIEN TORT STATUTE – AIDING AND ABETTING WAR CRIMES

40.  All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

41.  Defendants' acts aided and abetted the commission of war crimes against Ms. Manook.

42.  Defendants' acts took place during a period of armed conflict.

43.  Defendants' misconduct caused grave and foreseeable injuries to Plaintiff.

## COUNT FOUR
## ASSAULT AND BATTERY

44.  All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

45.  Defendants unlawfully intended to and did inflict immediate injury upon Ms. Manook.

46. Defendants intentionally assaulted, battered, and made other offensive contacts; and aided and abetted the assaulting, battering and offensively contacting, of Ms. Manook.

47. Ms. Manook did not consent to the offensive contacts. Ms. Manook feared for her personal safety and felt threatened by Defendants' actions.

48. Defendants committed the assaults and batteries.

49. Defendants' acts caused grave and foreseeable damages to Plaintiff.

## COUNT FIVE
## CIVIL CONSPIRACY TO ASSAULT AND BATTERY

50. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

51. Defendants unlawfully intended to and did conspire to commit an assault and battery upon Ms. Manook.

52. Defendants' acts caused grave and foreseeable damages to Plaintiff.

## COUNT SIX
## AIDING AND ABETTING AN ASSAULT AND BATTERY

53. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

54. Defendants unlawfully intended to and did aid and abet an assault and battery upon Ms. Manook.

55. Defendants' acts caused grave and foreseeable damages to Plaintiff.

## COUNT SEVEN
## WRONGFUL DEATH

56. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

57. Defendants' wrongful acts and omissions caused the death of Marani Awanis Manook.

58. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful deaths.

59. The death of Marani Awanis Manook was the foreseeable result of Defendants' wrongful acts and omissions.

## COUNT EIGHT
## CIVIL CONSPIRACY TO CAUSE WRONGFUL DEATH

60. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

61. Defendants' wrongful acts and omissions caused the death of Marani Awanis Manook.

62. Defendants conspired with each other to set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful deaths.

63. The death of Marani Awanis Manook was a foreseeable result of Defendants' wrongful acts and omissions.

## COUNT NINE
## AIDING AND ABETTING WRONGFUL DEATH

64. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

65. Defendants' wrongful acts and omissions caused the death of Marani Awanis Manook.

66. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful deaths.

67. The death of Marani Awanis Manook was a foreseeable result of Defendants' wrongful acts and omissions.

## COUNT TEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

69. Defendants intentionally inflicted severe emotional distress by way of extreme and outrageous conduct on Plaintiff.

70. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to inflict emotional distress on Plaintiff.

71. Defendants' acts caused grave and foreseeable injuries to Plaintiff.

## COUNT ELEVEN
## CIVIL CONSPIRACY TO INFLICT EMOTIONAL DISTRESS

72. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

73. Defendants conspired with each other to intentionally inflict severe emotional distress by way of extreme and outrageous conduct on Plaintiff.

74. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to inflict emotional distress on Plaintiff.

75. Defendants' acts caused grave and foreseeable injuries to Plaintiff.

## COUNT TWELVE
## AIDING AND ABETTING THE INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

76. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

77. Defendants aided and abetted the intentional infliction of emotional distress.

78. Defendants' acts caused grave and foreseeable injuries to Plaintiff.

## COUNT THIRTEEN
## NEGLIGENCE

79. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

80. Defendants breached a duty to Plaintiff and others present at the scene of the killings and infliction of bodily injury.

81. Defendants' negligence directly and foreseeably harmed Plaintiff.

## COUNT FOURTEEN
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

83. Defendants negligently inflicted severe emotional distress on Plaintiff.

84. Defendants' negligence directly and foreseeably harmed Plaintiffs.

## COUNT FIFTEEN
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

85. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

86. Defendants acted negligently and directly harmed Plaintiff by:

      (a)    failing to take the appropriate steps in hiring proper personnel to perform services;

      (b)    failing to properly screen personnel before their hiring;

      (c)    failing to train and supervise personnel properly;

      (d)    failing to investigate allegations of wrongdoing;

      (e)    failing to reprimand for wrongful actions; and

      (f)    negligently permitting repeated lawlessness by employees.

87.    Defendants' negligence directly and foreseeably harmed Plaintiff.

## COUNT SIXTEEN
## CIVIL CONSPIRACY

88.    All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

89.    Defendants took overt acts (set forth above in detail) pursuant to and in furtherance of the common scheme.

90.    Defendants are liable for all of the unlawful acts performed by members of the conspiracy (war crimes, assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, wrongful death and negligent hiring, training and supervision) because they set the condition, directly or indirectly facilitated, ordered, acquiesced, confirmed, ratified and or conspired with others to commits the unlawful acts.

91.    Defendants knowing participation in the conspiracy to perform unlawful acts caused grave and foreseeable damages to Plaintiff.

## PRAYER FOR DAMAGES

92.    Plaintiff is the authorized representative and entitled to any and all remedies available to them as a result of the conduct alleged herein, including, but not limited to:

      (a)      compensatory damages for death, physical, mental and economic injuries;

      (b)      punitive damages in an amount sufficient to strip Defendants of all of the revenue and profits earned from their pattern of constant misconduct and callous disregard for human life; and

      (c)      any attorneys' fees and costs permitted by law.


Date:  February 11, 2008                /s/ William T. O'Neil
                                             Susan L. Burke (D.C. Bar # 414939)
                                             William T. O'Neil (D.C. Bar # 426107)
                                             Elizabeth M. Burke
                                             Katherine R. Hawkins
                                             BURKE O'NEIL LLC
                                             4112 Station Street
                                             Philadelphia, PA 19127
                                             Telephone:     (215) 971-5058
                                             Facsimile:     (215) 482-0874

                                             Michael Ratner
                                             CENTER FOR CONSTITUTIONAL RIGHTS
                                             666 Broadway, 7th Floor
                                             New York, NY 10012
                                             Telephone:     (212) 614-6439
                                             Facsimile:     (212) 614-6499

                                             Shereef Hadi Akeel
                                             AKEEL & VALENTINE, P.L.C.
                                             Suite 910
                                             888 West Big Beaver Road
                                             Troy, Michigan 48084-4736
                                             Telephone (248) 269-9595
                                             Fax (248) 269-9119


                                             *Counsel for Plaintiff*