IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF MARANI AWANIS MANOOK,<br><br>                             Plaintiff,<br><br>                -against-<br><br>UNITY RESOURCES GROUP and RTI INTERNATIONAL,<br><br>                           Defendants. | Civil Case No. 1:08-cv-00096 (PLF)<br><br>Hon. Paul L. Friedman |

**MEMORANDUM OF LAW IN RESPONSE TO MOTION OF
DEFENDANT RTI INTERNATIONAL
TO DISMISS THE FIRST AMENDED COMPLAINT**

CHADBOURNE & PARKE LLP
Attorneys for Defendant
  Unity Resources Group Pte. Ltd.
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel. (202) 974-5600
Fax (202) 974-5602

William S. D'Amico
Robert A. Schwinger
Daniel J. Greenwald III
      Of Counsel

NY2 - 492912.08

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF MARANI AWANIS MANOOK,<br><br>                              Plaintiff,<br><br>           -against-<br><br>UNITY RESOURCES GROUP and RTI INTERNATIONAL,<br><br>                              Defendants. | Civil Case No. 1:08-cv-00096 (PLF)<br><br>Hon. Paul L. Friedman |

**MEMORANDUM OF LAW IN RESPONSE TO MOTION OF
DEFENDANT RTI INTERNATIONAL
TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant Unity Resources Group Pte. Ltd. ("Unity") respectfully submits this Memorandum of Law in Response to the Motion of Defendant RTI International ("RTI") to Dismiss the First Amended Complaint (the "Complaint").

**ARGUMENT**

On the same day that RTI filed its motion to dismiss, Unity filed its own motion to dismiss for insufficient service of process and lack of any sufficient basis to exercise personal jurisdiction over Unity. While Unity believes that its motion is well-founded and should be granted, Unity also intends to move to dismiss on grounds of forum non

conveniens in the event that its service of process/personal jurisdiction motion is denied.[1] In general, a court should not consider a motion based on forum non conveniens unless it has personal jurisdiction over the parties, see Overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti, 15 F. Supp. 2d 47, 50 (D.D.C. 1998) (although in extraordinary circumstances where jurisdiction is difficult to determine and forum non conveniens considerations weigh heavily in favor of dismissal, a court may have discretion to do so, see Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 127 S. Ct. 1184, 1194 (2007)).

Moreover, while a motion to dismiss on grounds of forum non conveniens may be made at any time, see L & L Constr. Assocs., Inc. v. Slattery Skanska, Inc., No. Civ. 05-1289, 2006 WL 1102814, at *3 (D.D.C. Mar. 31, 2006) (Appendix of Cases, Exh. A), it is preferable and most fair to all parties for such a motion to be heard and resolved before issues of substance have been decided by the current forum court and/or the forum court's discovery processes have been invoked or initiated. See generally Lony v. E.I. Du Pont Nemours & Co., 935 F.2d 604, 614 (3d Cir. 1991); In re Air Crash Disaster Near

---

[1] Unity is in the process of gathering the factual support for such a motion, e.g., to show that the great majority, if not virtual entirety, of the witnesses, evidence and documents relevant to the merits of this action are located in Iraq, or at least the Middle East, rather than in this District or elsewhere in the United States, and that litigating this action in the United States would impose substantial hardships upon all the parties, and an unwarranted burden on this Court.

2

New Orleans, La. on July 9, 1982, 821 F.2d 1147, 1165 (5th Cir. 1987) (citing Creamer v. Creamer, 482 A.2d 346, 352 (D.C. 1984). This principle raises two points in regard to RTI's pending motion to dismiss.

First, because RTI's motion includes a request for a permissive venue transfer to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404, this Court should first resolve the question that will be posed by Unity's forum non conveniens motion of whether the United States is the proper forum at all to hear the claims of the putative Iraqi plaintiff estate, before fine-tuning in which U.S. judicial district such an action should be venued, for obvious reasons of judicial economy. See, e.g., ORI, Inc. v. Lanewala, No. 99-2402, 2000 WL 1683659, at *3 (D. Kan. Nov. 3, 2000) (Appendix of Cases, Exh. B).

Second, in the event it is determined that this Court does have personal jurisdiction over Unity and that this action should remain in the United States and this District, Unity would wish to be heard on the remaining substantive issues raised by RTI's Motion to Dismiss, and indeed most likely would similarly seek dismissal via a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Unity thus respectfully requests that the service of process, personal jurisdiction, and potentially impending forum non conveniens issues with respect to Unity be resolved prior to the resolution of the substantive portions of RTI's motion, so that Unity is not put to the unfair choice of either foregoing its chance to raise and be heard on those issues itself before they are first addressed by the Court, or risking the suggestion (either in this Court or in the appellate

process) that its doing so is inconsistent or unfairly opportunistic given Unity's position regarding <u>forum non conveniens</u>.

## CONCLUSION

For the foregoing reasons, Unity respectfully requests that the Court adjudicate Unity's service of process/personal jurisdiction motion and, if it then be needed, Unity's upcoming motion for <u>forum non conveniens</u> dismissal prior to the resolution of the issues posed by RTI's motion to dismiss, and that Unity have the opportunity to be heard on the substantive issues raised by RTI's motion, and to similarly seek dismissal via a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, before those issues are first addressed by the Court.

Dated: April 18, 2008

                                            Respectfully submitted,

                                            CHADBOURNE & PARKE LLP

                                            By       /s/ David T. Blonder
                                                  William S. D'Amico (Bar No. 2694)
                                                  David T. Blonder (Bar No. 501602)
                                            Attorneys for Defendant
                                              Unity Resources Group Pte. Ltd.
                                           1200 New Hampshire Avenue, N.W.
                                           Washington, D.C. 20036
                                           Tel. (202) 974-5600
                                           Fax (202) 974-5602

Of Counsel:

Robert A. Schwinger  (Bar No. NY0092)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.  (212) 408-5100
Fax  (212) 541-5369

Daniel J. Greenwald III
CHADBOURNE & PARKE LLC
City Tower I
Sheikh Zayed Road
P.O. Box 23927
Dubai
United Arab Emirates
Tel:  +971 (4) 331-6123
Fax  +971 (4) 331-0844

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF MARANI AWANIS MANOOK,<br><br>                               Plaintiff,<br><br>-against-<br><br>UNITY RESOURCES GROUP and RTI INTERNATIONAL,<br><br>                               Defendants. | Civil Case No. 1:08-cv-00096 (PLF)<br><br>Hon. Paul L. Friedman |

**APPENDIX OF UNREPORTED CASES CITED IN THE
MEMORANDUM OF LAW IN RESPONSE TO MOTION OF
DEFENDANT RTI INTERNATIONAL
TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant Unity Resources Group Pte. Ltd. ("Unity") respectfully submits the attached copies of the following unreported cases cited in its Memorandum of Law in Response to the Motion of Defendant RTI International to Dismiss the First Amended Complaint.

| **Case** | **Exhibit** |
|---|---|
| L & L Constr. Assocs., Inc. v. Slattery Skanska, Inc., No. Civ. 05-1289, 2006 WL 1102814 (D.D.C. Mar. 31, 2006) | A |
| ORI, Inc. v. Lanewala, No. 99-2402, 2000 WL 1683659 (D. Kan. Nov. 3, 2000) | B |

Dated: April 18, 2008

                                                 CHADBOURNE & PARKE LLP

                                       By       /s/ David T. Blonder
                                           William S. D'Amico (Bar No. 2694)
                                           David T. Blonder (Bar No. 501602)
                                       Attorneys for Defendant Unity
                                           Resources Group Pte. Ltd.
                                     1200 New Hampshire Avenue, N.W.
                                     Washington, D.C.  20036
                                     Tel. (202) 974-5600
                                     Fax  (202) 974-5602

Of Counsel:

Robert A. Schwinger (Bar No. NY0092)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.  (212) 408-5100
Fax  (212) 541-5369

Daniel J. Greenwald III
CHADBOURNE & PARKE LLC
City Tower I
Sheikh Zayed Road
P.O. Box 23927
Dubai
United Arab Emirates
Tel:  +971 (4) 331-6123
Fax  +971 (4) 331-0844

NY2 - 493204.02

# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1102814 (D.D.C.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

L & L Constr. Associates, Inc. v. Slattery Skanska, Inc.
D.D.C.,2006.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
L & L CONSTRUCTION ASSOCIATES, INC., Plaintiff,
v.
SLATTERY SKANSKA, INC., Defendant.
No. CIV. 05-1289.

March 31, 2006.

Bradshaw Rost, Tenenbaum & Saas, P.C., Bethesda, MD, for Plaintiff.
Edmund Michael Amorosi, Smith, Pachter, McWhorter & Allen, Vienna, VA, for Defendant.

### MEMORANDUM OPINION

ROYCE C. LAMBERTH, District Judge.

*1 This matter comes before the Court on defendant's Motion [11] to Dismiss the Amended Complaint pursuant to Rules 12(b)(1), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure. Defendant claims that the forum selection clause in the subcontract agreement makes this venue inappropriate. While defendant stylizes the motion to dismiss under Rule 12, the Court finds that the motion is more properly construed under the doctrine of forum non conveniens. Upon consideration of the parties' submissions and the entire record herein, the Court hereby grants defendant's motion to dismiss.

### BACKGROUND

This action arises out of a construction contract to perform work for Washington Metropolitan Transit Authority ("WMATA") at the New York Avenue Metro station. Lane Construction Corp., a Connecticut corporation and defendant, Slattery Skanska, Inc. a New York corporation, formed a joint venture under the laws of New York, to perform work for WMATA. As part of the bidding process, plaintiff, L & L Construction Associates Inc., entered into a preliminary arrangement with defendant via a "Letter of Intent" on October 3, 2001, whereby the parties agreed that plaintiff would perform work for defendant upon award of the prime contract from WMATA. (Compl.¶ 8.) WMATA awarded the prime contract to defendant's joint venture, who then entered into a subcontract with plaintiff for the completion of certain underground utility work (the "Subcontract").(Id. ¶¶ 10, 12.)The Subcontract contained a forum selection clause that required all litigation arising out of the Subcontract to be filed in the Supreme Court of the State of New York, County of Queens. (Subcontract, Art. 31, at 25.) The Subcontract also contained a merger clause which states that the Subcontract is the final agreement and all previous negotiations and representations are merged therein. (Subcontract, Art. 32, at 25.)

On June 20, 2005, plaintiff filed suit in this Court alleging breach of the October 3, 2001 Letter of Intent. Plaintiff avers that it was promised four-times more work than it received. On July 17, defendant moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted, arguing that the October 3 Letter of Intent was not an enforceable contract, but merely an agreement to agree. An opposition, reply, and sur-reply followed. Meanwhile, on August 10, 2005, plaintiff moved to amend the complaint, adding an additional count for promissory estoppel, but largely leaving the remaining portions of the complaint unaltered. On August 29, defendant filed a motion to dismiss the amended complaint under Rules 12(b)(1), 12(b)(3), and 12(b)(6). Defendant claims that the forum selection clause in the subcontract requires the parties to litigate in another forum. Plaintiff contends that defendant waived the right to raise the forum selection clause defense because the defense was not asserted in the initial motion to dismiss.

### DISCUSSION

*2 The forum selection clause defense has "evaded precise classification." Marra v. Papandreou, 216 F.3d 1119, 1123 (D.C.Cir.2000). Indeed, many of the circuits have not resolved the issue. See New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 29 (2d Cir.1997); Haynsworth v. The Corp, 121 F.2d 956, 963 (5th Cir.1997). On the other hand, some circuits have viewed the forum selection

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1102814 (D.D.C.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

clause defense under Rule 12: the Ninth Circuit has determined that the forum selection clause defense should be treated as a motion pursuant to Rule 12(b)(3), *Kukje Hwajae Ins. Co. Ltd., v. M/V Hundai Liberty*, 294 F.3d 1171, 1174 (9th Cir.2002), while the First Circuit treats the defense as a motion pursuant to Rule 12(b)(6), *Lambert v. Kysar*, 983 F.2d 1110, 1112 n. 1 (1st Cir.1993). While the District of Columbia Circuit has not ruled on how the forum selection clause defense should be characterized, the *Marra* Court recognized that this defense is most analogous to a forum non conveniens motion or motion for transfer of venue under 28 U.S.C. § 1404. 216 F.3d at 1123.

The doctrine of forum non conveniens is the most appropriate lens to determine this issue. A Rule 12(b)(3) dismissal for improper forum is an inappropriate mechanism because the question is not whether the chosen venue is proper, but whether there is a more appropriate forum for this suit. Similarly, a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction would be inappropriate because there is no dispute about whether the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332. Finally, a Rule 12(b)(6) dismissal for failure to state a claim is not available because disposition of this motion requires review of the Subcontract, not allowed under Rule 12(b)(6) since it is not a pleading. The doctrine of forum non conveniens is an appropriate procedural mechanism for determining this issue because this is one of those rare circumstances where the Court has personal and subject matter jurisdiction, and venue is proper, but there is a more appropriate forum for resolving the dispute. See *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947); see also 15 CHARLES ALLEN WRIGHT ARTHUR R. MILLER & EDWARD H. COOPER FEDERAL PRACTICE AND PROCEDURE § 3828, at 387-90 (2d ed.1986).

In granting the motion to dismiss for forum non conveniens, the Court must determine that the motion is timely, that an adequate forum exists which possesses jurisdiction over the case, that the private and public interests weigh in favor of dismissal and that plaintiff can reinstate its suit in the alternative forum without undue prejudice. *Pain v. United Tech. Corp.*, 637 F.2d 775, 784-85 (D.C.Cir.1980).

**A. Timeliness**

L & L contends that Slattery waived the right to assert a defense based on the forum selection clause by failing to raise it in its first motion to dismiss. However, Rules 12(g) and 12(h) do not apply to the doctrine of forum non conveniens. Rule 12(g) states in pertinent part:

*3 If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except as a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Rule 12(h) states: "(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of service of process is waived if omitted from a motion in the circumstances described in subdivision (g).″ Rd. R. Civ. P. 12(h)(1). The plain text of the Federal Rules of Civil Procedure clearly state that the waiver provision of Rule 12(g) only applies to the types of motions permitted by Rule 12, namely, motions to dismiss under 12(b). Rule 12(g) does not apply to motions outside of Rule 12, and thus is not applicable to motions to dismiss under forum non conveniens.

Most importantly, a dismissal under forum non conveniens, like a motion for change of venue under 28 U.S.C. § 1404, is at the discretion of the court and may be made at any time. Cf. *Abiola v. Abubakar*, 267 F.Supp.2d 907, 918 (N.D.Ill.2003) (holding that the objection is not waived by failing to raise the issue in an answer or a motion to dismiss); accord *Spencer v. Alcoa S.S. Co.*, 221 F.Supp. 343, 346 (E.D.N.Y.1963); *Fifth & Walnut, Inc. v. Loew's, Inc.*, 76 F.Supp. 64, 67 (S.D.N.Y.1948;. Limitations on the time period for moving to dismiss only bar a defendant from making the objection at an unreasonable time. See *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1165 (5th Cir.1987). In addition, courts have denied such motions when granting the motion would unduly prejudice the plaintiff. See *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643 (7th Cir.2003).

Here, plaintiff filed the complaint on June 30, 2005. The initial motion to dismiss followed on July 17, and the second motion on August 10. Less than two months elapsed between the filing of the complaint

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                             Page 3
Not Reported in F.Supp.2d, 2006 WL 1102814 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

and the raising of the objection. The Court finds that the delay in bringing this defense was not unreasonable to the plaintiff. *Cf. id.*(commenting that a motion made one month before the scheduled time of trial was unreasonable and prejudicial). Furthermore, there is no indication that the plaintiff would be unduly burdened by granting the objection. The plaintiff has not incurred substantial costs in preparing for trial. The only expenses that plaintiff has incurred thus far have been in the regular course of a motions practice and pre-trial discovery. Therefore, the Court finds that the objection of forum non conveniens is timely.

**B. Presence of Adequate Forum**

When considering a motion to dismiss based on forum non conveniens, the Court must (1) identify whether an adequate forum exists and (2) balance the relative conveniences to the parties against the presumption in favor of plaintiff's choice of forum. *El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 676-77 (D.C.Cir.1996).* However, when there is a valid forum selection clause in place, the Court must defer to the expressed intent of the parties unless plaintiff can demonstrate that enforcement would be unjust or that the contract is invalid due to fraud or overreaching. *M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).*

*\*4* Since plaintiff reached out to defendant, a New York corporation, sought to enter into a contractual relationship with defendant, and waived the right to raise to objection to the designated forum by agreeing to the forum selection clause, the Court finds that venue in New York is appropriate. *See Kotan v. Pizza Outlet, 400 F.Supp.2d 44, 48 (D.D.C.2005)* (Lamberth, J.). More, plaintiff has not demonstrated that the forum selection clause is otherwise invalid.

The burden of invalidating a forum selection clause is heavy. *See Carnival Cruise Lines v. Shute, 499 U.S. 585, 591-92 (1991)* (commenting that a court is unlikely to set aside a forum selection clause even when the designated forum is remote). Plaintiff has failed to meet its burden. Plaintiff only makes conclusory allegations that the clause was the result of fraud and misrepresentations, but these allegations are insufficient to overcome the strong presumption in favor of enforcing forum-selection clauses. Since New York state court is a proper forum and plaintiff has failed to meet its burden to invalidate enforcement of the forum selection clause, the Court gives deference to the expressed intent of the parties and finds that the New York state court is a proper forum.

**C. Scope of the Forum Selection Clause**

Next, the Court must address whether the scope of the Subcontract and its forum selection clause governs the alleged breach. In addressing this question, the Court must "adhere to the objective of the law of contracts whereby the written language embodying the rights and liabilities of the parties, irrespective of the intent of the parties at the time they entered the contract unless the written language is not susceptible of clear and definite undertaking, or unless there is fraud, duress or mutual mistake.*Kyriakopoulos v. George Washington Univ., 866 F.2d 438, 444 n. 1 (D.C.Cir.1989).* Furthermore, in deciding whether the forum selection clause is enforceable, the Court treats the clause as a contract unto itself. *Marra, 216 F.3d at 1123.* The Court only examines the forum selection clause, making no findings concerning the remaining portions of the contract or the merits of the case. *Id.*

The Court finds that the language of Articles 31 and 32 of the Subcontract, the forum selection and merger clauses, are clear, and the Court need not look beyond the text to interpret the contract. The merger clause states, in relevant parts, "except as expressly set forth herein, there have been no representation by either party to other to induce execution of this Subcontract, and all prior negotiations and understanding with respect to the subject matter are merged herein."(Subcontract, Art. 31, at 25.) The merger clause explains that the Subcontract was the complete and final agreement of the parties. (Subcontract, Art. 31, at 25.) All prior agreements, including the October 3 Letter of Intent, were to be merged into the Subcontract. The Court finds that the parties intended that all disputes arising out of the subject matter of the agreement, *i.e.,* underground utilities work, would be governed by the forum selection clause.

**D. Private and Public Interests**

*\*5* Ordinarily, the Court must consider whether the private interests weigh in favor of granting the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1102814 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

motion to dismiss. If the balance is in equilibrium, then the Court looks to the public interest factors. Finally, if the balance favors another forum, the Court must ensure that plaintiff can reinstate the suit in the alternative forum without undue inconvenience or prejudice. *Pain v. United Tech. Corp.,* 637 F.2d at 784-84.

However, the presence of a forum selection clause, once again, changes the analysis. *See Oversees Partners, Inc. v. Progen Musavirlik Ve Yonetim Hismetleri, LTD,* 15 F.Supp.2d 47, 53 (D.D.C.1998). Normally, a court would analyze the private factors keeping in mind the substantial weight of the plaintiff's choice of forum. These private factors include

[T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions to the enforceability [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

*Ott v. Kaiser-Georgetown Cmty. Health Plan, Inc.,* 689 F.Supp. 9, 10 (D.D.C.1988) (citing *Pain,* 637 F.2d at 784-85). However, the forum selection clause is now the dominant factor in the determination. *See Bremen,* 407 U.S. at 15. In *Bremen,* the Supreme Court stated that "in the light of present-day commercial realities and expanding international trade we conclude that the forum selection clause should control absent a strong showing that it should be set aside."*Id.* Plaintiff may escape enforcement of the forum selection clause only if it can demonstrate that it will be deprived of its day in court by trying the matter in New York state court. Plaintiff has not and cannot make that argument. Finally, dismissal will not unduly prejudice L & L as the statute of limitations has not run on the claim. *See*N.Y. C.P.L.R. § 213 (2004) (setting statute of limitations to six years on actions for breach of contract).

The motion is timely, the designated forum is appropriate, the scope of the forum selection clause covers the instant dispute, and the Court will grant defendant's motion.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion [11] and dismisses the action on the basis of forum non conveniens.

A separate Order shall issue this date.

D.D.C.,2006.
L&L Constr. Associates, Inc. v. Slattery Skanska, Inc.
Not Reported in F.Supp.2d, 2006 WL 1102814 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Case 1:08-cv-00096-PLF    Document 25-2    Filed 04/18/2008    Page 8 of 11

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1683659 (D.Kan.), 144 Lab.Cas. P 59,428
(Cite as: Not Reported in F.Supp.2d)

Page 1

►ORI, Inc. v. Lanewala
D.Kan.,2000.

United States District Court, D. Kansas.
ORI, INC., Plaintiff,
v.
Yusuf LANEWALA, Defendant.
No. 99-2402-JWL.

Nov. 3, 2000.

MEMORANDUM AND ORDER

LUNGSTRUM.
*1 This case arises out of an employment contract allegedly entered into by plaintiff, a Delaware corporation with its principal office in Overland Park, Kansas, and defendant, an individual who is a citizen and domiciliary of Bombay, India. The employment contract provides, among other things, that defendant would not, for one year following termination, solicit plaintiff's employees nor disclose plaintiff's confidential information. On June 22, 1999, plaintiff filed suit, contending that defendant violated the above protective covenant provisions of the contract. Since that time, the parties have filed numerous motions and the court has responded by issuing numerous orders. Today, the court has before it two motions to dismiss filed by defendant (Docs. 53 & 62), as well as two related motions-defendant's motion for reconsideration of the court's September 28, 2000 Order, which found good cause for plaintiff to file a response out of time to defendant's motions to dismiss (Doc. 93), and plaintiff's motion to strike defendant's reply to plaintiff's response to the court's show cause order (Doc. 92). Also pending before the court is Defendant's Motion to Renew Jurisdiction Issue (Doc. 104), which the court construes as a motion for dismissal under the doctrine of forum non conveniens. As discussed below, the court denies all five motions.[FN1]

> FN1. In many of its briefs filed in response to motions made by defendant, plaintiff includes a prayer for attorney's fees and sanctions. To the extent that they were not requested in a separately filed motion, the court does not consider these prayers for relief. See Fed.R.Civ.P. 11(c)(1)(A).

• Defendant's Motions to Dismiss and Related Motions

Before ruling on the motions related to dismissal, a brief discussion of the procedural background surrounding these motions is useful. Their genesis is defendant's "Motion for Dismissal," which defendant filed as part of his response to plaintiff's motion for summary judgment on August 8, 2000 (Doc. 53).[FN2] After one month had passed without plaintiff filing a response to the motion, defendant filed a second "Motion for Dismissal of Plaintiff's Suit" (Doc. 62). Rather than grant defendant's first motion to dismiss as an uncontested motion under D.Kan.R. 7.4, the court issued an order on September 13, 2000, requiring plaintiff to show good cause why the motion should not be granted, in light of plaintiff's failure to file a timely response (Doc. 65). On September 28, 2000, plaintiff responded to the court's show cause order (Doc. 69). Plaintiff's response stated that plaintiff did not receive copies of defendant's two motions to dismiss and that plaintiff believed that defendant mailed the motions to a street address slightly different than the address of plaintiff's attorney. The court found this reason satisfactory and extended the time in which plaintiff could file a response to defendant's motions to dismiss (Doc. 71).

> FN2. The court notes that this pleading commingles defendant's response to plaintiff's motion for summary judgment with defendant's motion for dismissal, making it difficult for the court to discern the grounds upon which defendant's motion for dismissal is based.

The court's order finding good cause and extending the time provided plaintiff to respond to the motions to dismiss led defendant to file the first motion before the court today-a motion for reconsideration of that order (Doc. 93).[FN3] Defendant's motion for reconsideration states that the certificates of mailing on file with the court show that defendant addressed his first motion to dismiss to the correct address of

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2000 WL 1683659 (D.Kan.), 144 Lab.Cas. P 59,428
**(Cite as: Not Reported in F.Supp.2d)**

plaintiff's attorney, and that, although defendant addressed his second motion to dismiss to a slightly different address than that of plaintiff's attorney, plaintiff's attorney had previously responded to other correspondence so addressed. While the court does not dispute the facts pled in defendant's motion, the court nonetheless declines to reconsider its previous order which found good cause for plaintiff's failure to file a response. Whether the motions to dismiss were properly addressed or not is not the deciding factor on this issue. Rather, the factor that influenced the court to find good cause was the fact that plaintiff did not *receive* a copy of the motions. Because defendant does not argue or produce evidence to the contrary, the court will not reconsider its earlier order. Defendant's motion for reconsideration (Doc. 93) is denied.

>   FN3. To the extent that defendant's motion also seeks reconsideration of the court's order extending plaintiff's time to respond to the show cause order by three days, defendant's motion is further denied; defendant states no facts which support such reconsideration.

*2 The court's denial of defendant's motion for reconsideration of the court's order that found good cause leads to the court's ruling on the second motion pending before it-plaintiff's motion to strike defendant's reply to plaintiff's response to the show cause order (Doc. 92).[FN4] Because the court has held, and has not reconsidered its holding, that plaintiff had good cause for his failure to file a timely response to defendant's motions to dismiss, plaintiff's current motion to strike a pleading related to this issue is moot.

>   FN4. Plaintiff's motion to strike also requested that the court strike two additional pleadings filed by defendant. The court has referred that portion of the motion to Magistrate Judge Waxse (Doc. 101).

Having ruled on the two ancillary motions, the court may now proceed to consider defendant's two motions to dismiss. Defendant filed his first motion to dismiss on August 8, 2000 (Doc. 53), and his second motion to dismiss on September 8, 2000 (Doc. 62). Plaintiff argues in its response that both motions must be denied because they were filed outside the time period set out in the court's December 23, 1999 Scheduling Order (Doc. 16). The court agrees. Pursuant to the Scheduling Order, all motions to dismiss were required to be filed on or before January 13, 2000. Even if defendant's motions are liberally construed as motions for summary judgment, they are nonetheless untimely, as dispositive motions were required to be filed on or before June 9, 2000. Defendant has not sought leave of court to file his motions out of time, and although defendant is proceeding pro se and contends that he is "unaware of procedures and rules," the court has stated numerous times that a party's pro se status does not excuse him from complying with the court's rules. *See, e.g., ORI, Inc. v. Lanewala,* No. 99-2402-JWL, 2000 WL 1472732, at *1 (D.Kan. Aug. 22, 2000); *Lynn v. Simpson,* No. 97-3209-JWL, 2000 WL 745324, at *5 (D.Kan. April 10, 2000); *Stewart v. Toyota,* No. 98-2337-JWL, 1999 WL 233286, at *2 (D.Kan. March 8, 1999). The court therefore denies defendant's motions to dismiss as untimely. *See SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir.1990) ("The Federal Rules of Civil Procedure generally require entry of a scheduling order covering time limits for the completion of major events during the course of a civil action ... [which] are not to be modified by the trial court except when authorized by local rule upon a showing of good cause."); *Nave v. Artex Mfg., Inc.,* No. 96-2002-EEO, 1997 WL 195913, at *1 (D.Kan. April 16, 1997) (denying motion as untimely under a deadline established in the Scheduling Order); *Zapata v. IBP, Inc.,* No. 93-2366-EEO, 1997 WL 728129, at *1 (D.Kan. Nov. 19, 1997) (same).

• Defendant's Motion for Dismissal for Forum Non Conveniens

The fifth and final motion addressed by the court is entitled "Defendant's Motion to Renew Jurisdiction Issue" (Doc. 104). While the title of this motion speaks of jurisdiction, the body of the motion actually requests that the court dismiss the case pursuant to the doctrine of forum non conveniens. Although this motion is unrelated to defendant's motions to dismiss, it suffers from the same deficiency-untimeliness. The Tenth Circuit has not addressed the issue of time limits governing the filing of motions to dismiss for forum non conveniens, but most courts that have addressed the issue, while setting no definitive deadline, require that such motions be filed before the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2000 WL 1683659 (D.Kan.), 144 Lab.Cas. P 59,428  
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

case has progressed to the point that the plaintiff has incurred significant expense in preparing the case for trial (an inconvenience the doctrine is meant to relieve).*See, e.g., In re Air Crash Disaster Near New Orleans, 821 F.2d 1147, 1165 (5th Cir.1987); Creamer v. Creamer, 482 A.2d 346, 353 (D.C.Cir.1984); Lugones v. Sandals Resorts, Inc., 875 F.Supp. 821, 823 (S.D.Fl.1995).* The court believes that the Tenth Circuit would follow the rule set forth by the Fifth Circuit in *In re Air Crash:*"a defendant must assert a motion to dismiss for forum non conveniens within a reasonable time after the facts and circumstances which serve as a basis for the motion have developed and become known or reasonably knowable to the defendant."821 F.2d 1147, 1165 (citing Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 3828, at 291 (2d ed.1986)). Applying this rule, the court denies defendant's motion to dismiss for forum non conveniens as untimely.

*3 The facts and circumstances cited by defendant in support of his motion were known to him, or were reasonably knowable, at the time that he removed this case to federal court on September 7, 1999. For example, the facts that defendant "resides in India [and] was employed in India," and that "most of the witnesses are in India," are not facts that have unexpectedly arisen in recent months. A reasonable time for defendant to have brought a motion for dismissal on forum non conveniens grounds, therefore, would have been prior to the January 13, 2000 deadline for filing motions to dismiss for lack of venue. As venue and forum non convenience are closely related issues, *see Rivendell Forest Prods., v. Canadian Pac., 2 F.3d 990, 992 (10th Cir.1993),* the court would have carefully considered the merits of the most appropriate place to bring this suit had defendant raised the issue at that time. Even after this deadline had passed, the court may have nonetheless found a motion to dismiss for forum non conveniens timely had it been filed before the June 9, 2000 dispositive motion deadline. But again, defendant allowed this case to proceed past both the date of the final pretrial conference (which defendant did not attend) and past the date of the dispositive motion deadline, without raising the issue. The parties have nearly completed discovery and have filed over twenty motions in this case, expending much time and resources in the process. It is simply too late for defendant to file a motion to dismiss after the dispositive motion deadline and at this advanced stage in the proceedings. Defendant's motion to dismiss for forum non conveniens is denied.

IT IS THEREFORE ORDERED that defendant's Motion for Dismissal (Doc. 53) and Motion for Dismissal of Plaintiff's Suit (Doc. 62) are denied. Defendant's motion for reconsideration of the court's September 28, 2000 Order (Doc. 93) is denied. Plaintiff's motion to strike defendant's reply to plaintiff's response to the court's show cause order (Doc. 92) is denied. Finally, defendant's Motion to Renew Jurisdiction Issue (Doc. 104) is denied.

IT IS SO ORDERED.

D.Kan.,2000.  
ORI, Inc. v. Lanewala  
Not Reported in F.Supp.2d, 2000 WL 1683659 (D.Kan.), 144 Lab.Cas. P 59,428

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.